UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4799** |
| **ASSUMPTION PARISH SHERIFF'S OFFICE ET AL.** | **SECTION "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Department of Veterans Affairs's Motion to Dismiss (R. Doc. 20).  For the following reasons this Motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Johnny Smith, appearing *pro se*, filed this suit against the Department of Veterans Affairs (the "VA") and Sheriff Mike Waguespack, incorrectly designated as the Assumption Parish Sheriff's Office ("APSO"), alleging that Defendants' negligence caused him damage.  Specifically, Plaintiff

1

claims that from 2007 until 2013 his "name [was] miss used [sic] by Dept of Veterans Affairs and A.P.S.O." Despite listing his damages, Plaintiff's Complaint contains few other facts detailing the basis for his claim, and his allegations are difficult to discern. The VA filed the instant Motion, asserting that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[8]

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[10] The proponent of federal court jurisdiction bears the burden of establishing subject matter jurisdiction.[11]

## LAW AND ANALYSIS

### A. Plaintiff's Claim Against the VA

In this Motion, the VA asserts that Plaintiff's allegations against it should

---

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[9] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[10] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

[11] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

be dismissed because his Complaint "contains only vague, rambling, and conclusory allegations." This Court agrees with the VA's characterization of Plaintiff's Complaint. In order to better understand Plaintiff's allegations against Defendants, and in light of his *pro se* status, this Court held a status conference in which Plaintiff detailed his grievances under oath in open court. Plaintiff seeks to assert a negligence action against the VA, presumably under the Federal Tort Claims Act ("FTCA"), which grants federal courts exclusive jurisdiction over civil actions against the United States for monetary damages.[12] The Court's understanding of Plaintiff's allegations against the VA is summarized as follows:

    Plaintiff complains that the VA was negligent in its failure to timely discover that Plaintiff was being overpaid. Plaintiff alleges that for several years he was receiving both veterans benefits and social security benefits. One month in 2012, he did not receive his veterans benefits check and contacted the agency to determine the whereabouts of his check. It was at this point that the VA discovered that Plaintiff was receiving both veterans and social security benefits. He was informed that the amounts paid to Plaintiff by both of these agencies should have been offset, and accordingly, Plaintiff was being overpaid. Plaintiff was told that because of this oversight, he would have to repay $11,840 to the United States government. This amount is now being withheld from his benefits such that he is receiving only $200 per month in benefits. Plaintiff's chief complaint is that the VA was negligent in failing to discover the

---

[12] 28 U.S.C. § 1346(b)(1) (West 2014).

overpayment sooner, which forced him to repay a larger sum and left him with a monthly benefit check that is insufficient for his subsistence.

Based on these facts, this Court holds that it lacks subject matter jurisdiction to hear Plaintiff's claim. According to 38 U.S.C. § 511(a), once the secretary of the VA has made a decision regarding a veteran's benefits, that decision may not be reviewed by any other court. "[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions."[13] To adjudicate Plaintiff's negligence claim, this Court would necessarily have to review the manner in which the VA handled Plaintiff's benefit claim. "This type of review falls within the exclusive jurisdiction of the [Court of Veteran's Appeals]."[14] Such an "analysis would involve questions of law and fact related to the VA's benefits decisions, and those are issues that section 511 places outside the district court's jurisdiction."[15] Accordingly, this Court cannot exercise subject matter jurisdiction over a claim based on the facts outlined by Plaintiff, and his claim is therefore dismissed.

### B. Plaintiff's Remaining Claims

Because Plaintiff's federal FTCA claim has been dismissed, the Court will *sua sponte* examine whether it should exercise jurisdiction over Plaintiff's remaining claim, a state law negligence claim against Sheriff Mike

---

[13] *Jones v. United States*, 727 F.3d 844, 848 (8th Cir. 2013) (alteration in original); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012).

[14] *Beamon v. Brown*, 125 F.3d 965, 970–71 (6th Cir. 1997) (discussing Plaintiffs' claim that the VA unreasonably delayed benefit decisions).

[15] *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013).

Waguespack.[16]

When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[17] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[18]

Having considered these factors, this Court declines to exercise subject matter jurisdiction. No discovery has yet occurred in this matter, and no pre-trial deadlines have been set. In addition, Plaintiff's remaining claim is solely a state law negligence claim. Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties. Accordingly, Plaintiff's remaining claim is dismissed.

---

[16] *See Bevis v. City of New Orleans*, No. 10-4161, 2011 WL 2899120, at *5 (E.D. La. July 18, 2011).

[17] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[18] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 21st day of January, 2015.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**